UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON HOLLINGSWORTH, CDCR #AX-5810,<br><br>                                    Plaintiff,<br><br>vs.<br><br>FLINN SPRINGS OA, et al.,<br><br>                                    Defendants. | Case No.: 3:16-cv-01425-DMS-JMA<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

JASON HOLLINGSWORTH ("Plaintiff"), a prisoner incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, initiated this civil action in June 2016, by filing a complaint and "demand for trial" based on alleged violations of his Fourth and Fifth Amendment rights (ECF No. 1). Plaintiff did not prepay the $400 civil filing fee required by 28 U.S.C. § 1914(a); instead he filed a Motion to Proceed In Forma Pauperis ("IFP") (ECF No. 2).

**I.      Procedural Background**

On August 2, 2016, the Court granted Plaintiff leave to proceed IFP, but sua sponte dismissed his complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (ECF No. 5). Plaintiff was notified of his pleading deficiencies,

1

however, and provided an opportunity to amend. (*Id.* at 5-10). He has since filed an Amended Complaint (ECF No. 6), which also requires screening pursuant to 28 U.S.C. § 1915(e)(2). *See Chavez v. Robinson*, 817 F.3d 1162, 1167-68 (9th Cir. 2016) (noting § 1915(e)(2)(B)(ii) authorizes a court to dismiss a complaint that fails to state a claim sua sponte and "before defendants are served.") (citing *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc)).

## II.     Plaintiff's Amended Complaint

Plaintiff's Amended Complaint alleges essentially the same facts as his original. *Cf.* ECF No. 1 at 2-5. Specifically, he claims to have purchased a manufactured home from Defendant James Naill, and to have "entered into a contractual agreement" with Defendants Myra O'Leary, the Flinn Springs Owners Association, and Castle Breckenridge Management to lease a lot for his home in the Flinn Springs Mobile Home Park, in El Cajon, California (ECF No. 6 at 2-4.)

"Upon [his] incarceration," however, Plaintiff contends Naill "unlawfully" transferred the title to his home over to Defendant O'Leary, the manager of Flinn Springs, and the Flinn Springs Owners Association (OA). (*Id.* at 4-6.) Plaintiff claims Defendants Elizabeth Call, Derek Earley, and Joseph Fox, all attorneys for Flinn Springs OA, and Defendant Castle Breckenridge Management Company, each "had a part [in] the illegal taking of [his] family home and property," and "conspired to commit fraud" and to "cover up the theft," even though they "should have known" this violated "all state a federal laws." (*Id.* at 9.) Plaintiff demands a jury trial and $10 million in damages (*Id.*)

## III.    Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)

### A.     Standard of Review

If a prisoner's complaint "seeks redress from a governmental entity or officer or employee of a governmental entity," the Court "shall review" the pleading "as soon as practicable after docketing," and "dismiss the complaint, or any portion of the complaint, if [it] . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1); *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014).

1   As noted below, Plaintiff alleges violations of his "civil rights" for alleged violation of "all
2   California and United States federal laws," (ECF No. 6 at 1-3), but he seeks redress from
3   private citizens, attorneys, his former home owners' association, and a property
4   management company, none of whom are alleged to be governmental actors. *Id.* at 2.
5   Therefore, § 1915A(a)'s screening provisions do not apply. *See Chavez*, 817 F.3d at 1168
6   (quoting § 1915A(a)); *see also Thompson v. Hicks,* 213 Fed. Appx. 939, 2007 WL 106785
7   at *3 (11th Cir. 2007) (noting that because a private defendant was not a "governmental
8   entity" as described in § 1915A, prisoner's complaint as to that defendant was not subject
9   to dismissal under § 1915A).
10        Because Plaintiff is proceeding IFP, however, his Complaint *is* still subject to a sua
11  sponte review, and mandatory dismissal, if it is "frivolous, malicious, fail[s] to state a claim
12  upon which relief may be granted, or seek[s] monetary relief from a defendant immune
13  from such relief," regardless of whether he seeks redress from a "governmental entity." *See*
14  28 U.S.C. § 1915(e)(2)(B); *cf.* 28 U.S.C. § 1915A; *Coleman v. Tollefson*, 135 S. Ct. 1759,
15  1763 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any
16  time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action
17  or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may
18  be granted."); *Lopez ,* 203 F.3d at 1127.
19        "The standard for determining whether a plaintiff has failed to state a claim upon
20  which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of
21  Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d
22  1108, 1112 (9th Cir. 2012).
23        To survive a motion to dismiss, the complaint must contain "a short and plain
24  statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).
25  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a
26  cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v.*
27  *Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555
28  (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff.").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Application to Plaintiff's Amended Complaint

Because Plaintiff claims violations of his "civil rights" under "United States federal laws" (ECF No. 6 at 1, 3), and he and is still proceeding without counsel, the Court continues to liberally construe his cause of action to arise under its federal question jurisdiction, 28 U.S.C. § 1331, § 1343 and the Civil Rights Act, 42 U.S.C. § 1983. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (where a plaintiff appears in propria persona, the Court must construe his pleadings liberally and afford plaintiff any benefit of the doubt). "A litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution" and "must utilize 42 U.S.C. § 1983" instead. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) (citing *Azul–Pacifico Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992)).

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

While Plaintiff's original complaint specifically invoked the Fourth and Fifth Amendments,[1] his Amended Complaint is both more broad and more general: he claims only that Defendants violated a "contractual agreement to follow all California laws and United States federal laws" when they "illegally" transferred his "rights to ownership of property." (ECF No. 6 at 3, 8.) Thus, even assuming Plaintiff's Amended Complaint alleged the violation of *any* constitutional right, he stills fails to include plausible facts to show that that any of the named Defendants did so while "acting under color of state law." *See West*; 487 U.S. at 48; *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (The party charged with a constitutional deprivation under § 1983 must be a person who may fairly be said to be a governmental actor) (citation and quotations omitted); *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) ("Section § 1983 liability attaches only to individuals 'who carry a badge of authority of a State and represent it in some capacity.'") (citation omitted).

The Constitution protects individual rights only from government action and not from private action; it is only when the government is responsible for the specific conduct

---

[1] The Court's August 2, 2016 Order noted neither the Fourth nor the Fifth Amendments apply to the actions of private citizens. *See* ECF No. 5 at 8 (citing *United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (Fourth Amendment right to be free from unreasonable search and seizure); *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) (Due Process Clause of Fifth Amendment); *Ward v. Ryan*, 623 F.3d 807, 810 (9th Cir. 2010) (Takings Clause of Fifth Amendment)).

of which the plaintiff complains that individual constitutional rights are implicated. *Single Moms, Inc. v. Mont. Power Co.*, 331 F.3d 743, 746-47 (9th Cir. 2003). Therefore, private parties do not generally act under color of state law. *See Price v. Hawai'i*, 939 F.2d 702, 707-08 (9th Cir. 1991). Section "1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." *Sutton*, 193 F.3d at 835 (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted)); *see also Ouzts v. Md. Nat'l Ins. Co.*, 505 F.2d 547, 551 (9th Cir.1974) (a purely private actor may be liable for his misconduct in state court, but his conduct is not actionable under Section 1983, regardless of how egregious).

As noted above, Plaintiff seeks to sue only private actors in this case. Therefore, in its August 2, 2016 Order, the Court cautioned that in order for him to show that the private conduct at issue constituted governmental action, he must allege "something more." (ECF No. 5 at 7) (citing *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 939 (1982) ("Action by a private party pursuant to [§ 1983], without something more, [i]s not sufficient to justify a characterization of that party as a 'state actor.'")). The Court further noted four different ways by which Plaintiff might be able to plead that "something more": (1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus. *See id.* (citing *Johnson v. Knowles*, 113 F.3d 1114, 1118 (9th Cir. 1997); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1486 (9th Cir. 1995); *Gorenc v. Salt River Project Agric. Improvement and Power Dist.*, 869 F.2d 503, 506 (9th Cir. 1989)).

Plaintiff's Amended Complaint, however, still fails to allege facts sufficient to plausibly show that any of the private parties or organizations he has named as Defendants performed any public function traditionally reserved to the State, acted as willful participants in joint action with government agents,[2] or was compelled, coerced, or had any

---

[2] While Plaintiff does allege Defendants "conspired" against him, (ECF No. 6 at 1, 8), he does not allege any of them entered into an agreement or "meeting of the minds" to violate

6

connection whatsoever with the State, when they allegedly deprived Plaintiff of his manufactured home after he was incarcerated. *See Iqbal*, 556 U.S. at 678; *Lugar*, 457 U.S. at 939.

For all these reasons, the Court finds Plaintiff's Amended Complaint also fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Lopez*, 203 F.3d at 1130. Because "the statute mandates dismissal—even if dismissal comes before the defendants are served," *Chavez*, 817 F.3d at 1167-68, and Plaintiff has already been provided an opportunity to cure his pleading deficiencies to no avail, the Court further finds leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

## IV.   Conclusion and Order

For the reasons set forth above, the Court DISMISSES Plaintiff's Amended Complaint without further leave to amend for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and CERTIFIES that an IFP appeal from this Order of dismissal would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED**.

Dated:  March 2, 2017

Hon. Dana M. Sabraw
United States District Judge

---

his constitutional rights "in joint action with the State or its agents." *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012) (quoting *Franklin*, 312 F.3d at 445.)